DickmAN, J.
The act of the general assembly under which the village of Wyoming claims the authority and right to construct sidewalks as set forth in the original petition, was passed April 16, 1891, and reads as follows:
“ Section 1. Be it enacted, by the General Assembly of the State of Ohio: That the following section be enacted as supplementary to section 2328, of the Revised Statutes, with sectional numbering as herein provided:
Sec. 2328a. In any village in any county containing a city of the first grade of the first class in which no sidewalks have alreadj' been constructed under the provisions of sections 2334a, 2334b and 2334c, the council of such village ma3r construct sidewalks wherever such sidewalks have not been already laid, and assess the costs and expense of such sidewalks upon the abutting lots and lands in the corporation, according to the front foot of the property bounding and abutting upon the improvement, and the assessment shall be a lien upon said abutting lots and lands and ma3^ be made payable in one or more installments, and at such times as council may prescribe; and council may issue bonds in anticipation of the collection of such assessment for the cost *208 and expense of the improvement, together with the cost of issuing the bonds and the interest thereon, which bonds shall correspond in amount and time of payment with such annual installments of the assessments levied, and bear a rate of interest not exceeding six per cent, per annum, payable se'mi-annually.”
It is contended in behalf of the plaintiff in error, that the above recited act is in conflict with section 26, article II of the constitution, which provides that, “All laws, of a general nature, shall have a uniform operation throughout the state.” The enactment is, we think, a law of a general nature, within the meaning of the constitution. Its subject matter is of a character that interests and concerns the inhabitants of every village in the state, embracing, as it does, the construction, improvement and repair of sidewalks, streets, avenues, or highways in or leading out of such villages. Kelley v. The State of Ohio, 6 Ohio St., 269.
The act being of a general nature, the question arises, has the general assembly created by the act, such a classification of villages, as conforms to the constitutional provision, that laws of a general nature shall operate uniformly throughout the state? In our judgement, the villages designated in the act as authorized to construct sidewalks as. therein provided, do not together constitute such a classification as will meet the requirement of the constitution. It is a fact well recognized, that legislation may often become necessary for certain cities and villages, which would be entirely unnecessary and inappropriate for other cities and villages throughout the state. It becomes material, therefore, to the public welfare, in view of the constitutional provision requiring uniformity in the operation of all laws of a general nature, that there should be a classification of municipal corporations, but, based upon incidents and characteristics that mark the members of the class as peculiarly demanding exclusive legislation.
It has been said that, “the mode and extent of classification is left to the conscience of the legislature — its sense of right and public necessity.” But it is now settled beyond controversy, that the constitutional provision above referred *209 to, is mandatory, and that a failure on the part of the legislature to observe it will be fatal to the validity of a statute. Falk, ex parte, 42 Ohio St. 638, 640. Whether or not the classification is authorized by the constitution, is for the courts to determine. The people in their wisdom, by prescribing in the constitution a fixed rule of uniformity for the operation of laws of a general nature, have thereby imposed a limitation upon special legislation, and such limitation cannot be broken down or overstepped under the guise of classification. In affirming the principle that classification cannot be sanctioned as a pretext for evading the limitation upon special legislation, it was said by Sterritt, J., in Ajar’s Appeal, 122 Pa. St. 266, 284, in language pertinent to this case: “Whether, in any given case, the legislature has transcended its power and passed a law in conflict with that limitation is essentially a question of law and must necessarily be decided by the courts. To warrant the conclusion that the people, in ordaining such limitations, intended to invest their law-makers with judicial power and thus make them final arbiters of the validity of their own acts, would require the clearest and most emphatic language to that effect. No such intention is expressed in the constitution, and none can be inferred from any of its provisions. That those limitations were designed to establish • a fixed and permanent rule cannot be doubted; but, if the ultimate application of that rule were to rest solely in the judgment of the body on which it was intended to operate, nothing could be more flexible.”
The most obvious principle of classification is that of population, and upon that basis cities and villages have been classified; and legislation, for the construction and improvement of sidewalks, may be and has been adapted to the different classes, into which the municipal corporations of the state have been thus classified by the Revised Statutes. But by sections 2334a, 2334¿, and 2334¿ of the Revised Statutes, a new principle of classification was adopted, having no regard to the population of the villages, but classifying them upon purely local position. By section 2334a, it is provided, that the council of incorporated villages situate in *210 counties containing cities of the first grade of the first class shall, upon the petition of the owners of two-thirds of the front feet of lots abutting upon any streets or portion of streets, between designated points, of such village, provide by ordinance for the construction and improvement of sidewalks along the streets or portion of streets designated between given points, of such material and width as the petition shall designate. And it is further provided, that one-half of the cost of the sidewalk or walks, shall be defrayed by the village, and the other half by the property owners upon such streets or portion of streets between designated points.
Villages situated in counties containing large and populous cities, and which are or may become contiguous to such cities, would naturally need legislation very different from that required by villages otherwise situated. Their particular location — thereby calling for the maintenance of an adequate police force, for protection against fire/'for water supply, for paving, grading, curbing and lighting of streets, and for other municipal improvements — would furnish reasonable grounds for placing villages so situated, in the same class, for purposes of legislation.
But the case at bar presents to us a new and unique classification of villages, founded on an incident or characteristic, arbitrary and restrictive, unreasonable and illusory.
The villages authorized to construct sidewalks under the act of April 16,1891, are grouped in a new class, not on the principle of population; nor by reason of their situs in counties containing cities of the first grade of the first class; but, because being situate in counties containing cities of that grade and class, they have failed to construct sidewalks in accordance with certain sections of the Revised Statutes, designed for all other villages similarly located. No village that had constructed sidewalks under the provisions of sections 2834 a, b, and c, could proceed or claim the benefit of the act in controvers3^; but, onljr those that had elected to remain in a state of inactivity, or had refused to avail themselves of the authoritjr to construct sidewalks, granted to other villages with which the}- had been classified.
*211 Why certain villages in counties containing, or that might, in the future, contain cities of the first grade of the first class, had not deemed it expedient, and omitted to construct sidewalks in accordance with the sections of the statute above referred to, may be left to conjecture. Under section 2384a, it is necessary that-the owners of twó-thirds of the front feet of lots abutting upon any streets of the village, shall petition for the construction and improvement of sidewalks; and one-half of the cost of the sidewalks is to be defrayed by the village, and the other half by the property owners upon the streets. It is manifest, that if the owners of two-thirds of the frontage see fit to petition for sidewalks, they may be constructed under the provisions of the three sections of the Revised Statutes above mentioned. If to avoid street assessments, or for other reasons deemed and in fact good and sufficient, the requisite property owners in a few villages belonging to the class described in those sections, cannot be induced to join in a petition for the improvement, such failure to petition, would, we think, be but a slender support for a classification, consisting of those villages, in order to obtain for them exclusive legislation. When thus grouped into a small class, its origin and formation might serve as an apt precedent for selecting a few individuals of that class, having a common though slight relation or affinity, and grouping them into another and still smaller class, by which, classification might be minimized to a point of special legislation, and the constitutional mandate as to the uniform operation. of all laws of a general nature, be entirely ignored.
The requirements for village classification, in view of the enactment of laws which shall have a uniform operation throughout the state, will not be satisfied by adopting any common mark or feature that will serve to classify. It was stated by Beasuy, C. J., in State v. Hammer, 42 N. J. Law, 435, 440, that a law may be general in its provisions, and may apply to the whole of a group of objects having characteristics sufficiently manifest and important to make them a class by themselves, and yet, the marks of distinction on which the classification is founded may be such, that the *212 law may be in contravention of a constitutional provision prohibiting the enactment of special laws which regulate the internal affairs of towns and cities. If all that is requisite for the purpose of legislation is to designate villages b3' some quality, no matter what it may be, which will so distinguish them as to mark them as a distinct class, the constitutional restriction in regard to the uniform operation of laws of a general nature, would be of no avail, as there are few objects that cannot be arbitrarily associated. The objects grouped for classification should be distinguished by characteristics sufficiently marked and important to make them a class by themselves. Where the general assembly, by appropriate legislation, has authorized certain villages within a limited .class, to construct and improve sidewalks within their limits, the fact that some of the villages do not take advantage of the legislative provisions, will not, we think, constitute an appropriate and reasonable basis for their separate classification. The rule is forcibly stated in the opinion of the court in Nichols v. Walter, 37 Minn. 264, 272; “the true practical limitation of the legislative power to classify is that the classification shall be upon some apparent natural reason — some reason suggested by necessity, by such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or propriety of different legislation with respect to them.” “The marks of distinction,’’ said the chief justice, in State v. Hammer, supra, “on which the classification is founded, must be such, in the nature of things, as will, in some reasonable degree, at least, account for or justif3'' the restriction of the legislation.”
It was said in Bronson v. Oberlin, 41 Ohio St., 476, that, “the classification must be just and reasonable, and not arbitrary.” When, therefore, in incorporated villages situate in counties containing cities of the first grade of the first class, and grouped in the same village-class for the purpose of constructing sidewalks, only one-half of the cost of the improvement is charged to the abutting propert3’ owners, it may well be asked, why a new classification should be made by selecting a portion of such villages, and *213 subjecting the abutting property owners to the payment of the entire cost of the improvement. It would hardly be a justification for imposing upon such property owners what might seem a penalty, because the owners of two-thirds of the front feet of the abutting lots had failed to join in a petition for the improvement.
There are numerous adjudications illustrative of characteristics that would properly serve as a basis for classifying cities and villages when subjects of general legislation. But we deem it unnecessary to comment upon them, or cite them.
The act of the general assembly under consideration, though of a general nature, is restrictive, and not uniform in its operation throughout the state, within the meaning of the constitution. It rests upon a basis of classification that should not be adopted by the legislature, in its endeavor to give to all legislation of a general character that uniform operation which the constitution' requires.
In our opinion, the. court of common pleas erred in sustaining the demurrer to the petition, and the circuit court erred in affirming the judgment of the court of common pleas, and the judgments below should be reversed.

Judgment accordingly.